MAGDALENIA GINTER v. FRANK SCHIPRETT AND ANOTHER.[1]

January 28, 1927.

No. 25,414.

**Verdict sustained.**

Evidence sufficient to sustain verdict that defendant John signed promissory note as well as his son. [Reporter.]

Bills and Notes, 8 C. J. p. 1050 n. 31, 37; p. 1051 n. 39.

Defendant John Schiprett appealed from an order of the district court for Le Sueur county, Tifft, J., denying his motion for a new trial. Affirmed.

*Charles C. Kolars,* for appellant.
*Arthur J. P. Jelinek,* for respondent.

PER CURIAM.

Action on a promissory note. The note was given for a loan made to defendant Frank Schiprett and purports to be signed by both defendants. Defendant John Schiprett, who is the father of defendant Frank, denied signing the note. The jury found that he did sign it, and the only question is whether the evidence is sufficient to sustain that finding.

Plaintiff testified that when Frank asked for the loan she said she would let him have it if his father would sign the note; that Frank brought her the note signed or purporting to be signed by both him and his father; and that later the father in speaking of the note told her he had signed it as surety. Plaintiff's son was present at this conversation and testified to the same statement in substance. He also testified to the effect that after the note became due he went to John Schiprett for his mother and asked what he intended to do about it and that John said he would see Frank and would take care of the note if Frank did not pay it. Several of John Schiprett's admittedly genuine signatures were put in evidence for comparison, and a banker, called as an expert, testified that in his opinion the signature to the note and these signatures were written by the same person. There was other testimony to the same effect. There is no sufficient ground for disturbing the verdict, and the order denying a new trial is affirmed.

[1]Reported in 212 N. W. 30.